# United States District Court

for the

District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 APR 22  PM 2:39

MARGARET BOTKINS, CLERK
CASPER

| | | |
|---|---|---|
| Jake Stanley DeWilde | ) | |
| Plaintiff, | ) | Case No. 24-CV-84-KHR |
| | ) | |
| v. | ) | |
| | ) | |
| Attorney General of the United States; Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff Jake Stanley DeWilde, and for his Complaint for Declaratory and Injunctive Relief states as follows:

## INTRODUCTION

1.      This is a pre-enforcement action seeking declaratory and injunctive relief from 18 U.S.C. § 922(o) and the implementing regulation 27 C.F.R. § 479.105(a). These statutory and regulatory provisions generally act as an unlawful *de facto* ban on the transfer or possession of a machinegun manufactured after May 19, 1986. By imposing such a ban on an entire class of protected weapons, the statute and regulation violate the Second Amendment rights of the Plaintiff and are facially unconstitutional.

2.      Plaintiff seeks declaratory and injunctive relief against the unconstitutional provisions contained in 18 U.S.C. § 922(o) and 27 C.F.R. § 479.105(a); declaring the ban on machineguns facially unconstitutional under the Second Amendment.

## PARTIES

3.      Plaintiff Jake Stanley DeWilde is an adult male citizen of the State of Wyoming.

4.      Defendant Merrick Garland is sued in his official capacity as the Attorney General of the United States of America. As Attorney General, Defendant Garland is responsible for administering and executing the laws of the United States, and is currently enforcing the laws complained of in this action.

5.      Defendant Steven Dettelbach is sued in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"). As Director of BATFE, Defendant Dettelbach is responsible for administering and executing the laws of the United States, and is currently enforcing the laws complained of in this action.

## BASIS FOR JURISDICTION

6.      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 1346, because this action arises under the Constitution and laws of the United States, and has jurisdiction to render declaratory relief under 28 U.S.C §§ 2201, 2202.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391, 1402, because the Plaintiff resides in Wyoming, and the Defendants are agencies of the United States or officers thereof acting in their official capacity.

## FACTUAL ALLEGATIONS

8.     The Second Amendment commands, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

9.     The Second Amendment confers "an individual right to keep and bear arms," *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008), and it "extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Id.*, at 595.

10.    In *United States v. Miller*, 307 U.S. 174 (1939), Jack Miller was charged with violating the National Firearms Act by transporting in interstate commerce a shotgun having a barrel less than 18 inches in length that was not registered and that he did not possess a stamp-affixed written order for.

11.    *Miller* determined that the Second Amendment "was designed to preserve the militia." *Heller*, 554 U.S. at 624 (citing 307 U.S. at 178).

12.    The militia is "the purpose for which the right [to keep and bear arms] was codified." *Id.*, at 599.

13.    In *Heller*, the Court determined that *Miller* did not comprehensively analyze the full scope of the Second Amendment. *Heller* emphasized the limited analysis by the Court in *Miller*, determining that there was no evidence to establish whether or not the weapon in question was "any part of the ordinary military equipment or that its use could contribute to the common defense." *Id.*, at 622.

14.    The Court directed that *Miller*'s phrase "ordinary military equipment" be read "in tandem with what comes after: '[O]rdinarily when called for [militia] service [able-bodied] men

were expected to appear bearing arms supplied by themselves and of the kind in common use at the time.'" *Id.*, at 624 (quoting 307 U.S. at 179). "'In the colonial and revolutionary war era, [small-arms] weapons used by militiamen and weapons used in defense of person and home were one and the same.'" *Id.*, at 624-625 (quoting *State v. Kessler*, 289 Ore. 359, 368, 614 P. 2d 94, 98 (1980) (citing G. Neumann, Swords and Blades of the American Revolution 6–15, 252–254 (1973))).

15.   In *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. ___ (2022), the Court clarified the test established in *Heller* for Second Amendment challenges:

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."
>
> *Bruen*, slip op. at 15 (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961)).

16.   18 U.S.C.  § 922(o) generally bans the possession or transfer of machineguns manufactured after May 19, 1986. The statute provides:

> (1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.
>
> (2) This subsection does not apply with respect to—

(A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or

(B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

17.     The M16 rifle, and its variants, are the standard small-arms weapons in common use by the United States military.[1] The M16 is the quintessential rifle for use in the modern militia, just as the musket was the quintessential rifle for use in the militia of the colonial and revolutionary war era.

18.     An M16 is a bearable machinegun.

19.     A machinegun is defined as a firearm. 26 U.S.C. § 5845.

20.     "[A]ll firearms constitute[] 'arms.'" *Heller*, 554 U.S. at 581.

21.     "[T]he Second Amendment extends, prima facie, to all instruments that constitute bearable arms." *Id.*, at 582.

22.     The Constitution thus "presumptively protects" the possession of an M16 under the "plain text" of the Second Amendment. *Bruen*, slip op. at 8. Phrased differently, the machinegun ban is presumptively unconstitutional following a plain text analysis of the Second Amendment.

23.     To comport with *Bruen*, the government must justify the machinegun ban "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*, at 15.

---

[1] M16 Rifle, *Defense Advanced Research Projects Agency*, https://www.darpa.mil/about-us/timeline/agile-and-m16 (last accessed April 17, 2024).

24.     Because there is no historical tradition of prohibiting the possession of the Nation's standard-issue service rifle, the machinegun ban is facially unconstitutional.

## COUNT I

## VIOLATION OF THE SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS

25.     Plaintiff incorporates each and every paragraph as if copied in full hereafter.

26.     The machinegun ban in 18 U.S.C. § 922(o) and the associated regulation violate Plaintiff's Second Amendment rights.

27.     Plaintiff incorporates the attached Declaration of Jake S. DeWilde as if copied in full hereafter.

28.     Plaintiff desires to own an M16 machinegun for all lawful purposes, including defense of hearth and home and militia functions. Decl. of Jake S. DeWilde at 2.

29.     On April 10, 2024, Plaintiff submitted an ATF Form 5320.1, Application to Make and Register a firearm, to the BATFE, requesting permission to make an M16 machinegun. *See* Exhibit A.

30.     On April 12, 2024, the BATFE disapproved Plaintiff's application. *Id.*, at 1.

31.     Plaintiff understands that the government disapproved his application to make an M16 because approving his application would violate the machinegun ban. Declaration of Jake S. DeWilde at 4; *see also* Exhibit B.

32.     Plaintiff fears certain prosecution if he makes, owns, and possesses an M16 machinegun. Declaration of Jake S. DeWilde at 2-3.

33.     Plaintiff fears confiscation of any M16 machinegun he would make pursuant to an approved Form 1 application to make an M16. *Id.*, at 3-4.

34.     Plaintiff is not prohibited from possessing a machinegun. *Id.*, at 4.

35. Plaintiff lawfully possesses a machinegun. *Id.*, at 4.

36. Plaintiff has developed and created a detailed plan to make, own, and possess an M16 machinegun. *Id.*, at 5-10; *see also* Exhibits C, D.

37. Plaintiff will execute his plan to make, own, and possess an M16 machinegun immediately following, but no later than one week after, the machinegun ban being found unconstitutional or otherwise invalidated. Declaration of Jake S. DeWilde at 5.

38. Plaintiff is entitled to declaratory and injunctive relief that 18 U.S.C. § 922(o) is facially unconstitutional.

## PRAYER FOR RELIEF

39. Plaintiff respectfully asks this Court to:

A. Issue a judgment declaring that 18 U.S.C. § 922(o) is facially unconstitutional;

B. Issue an order requiring Defendants to approve Plaintiff's Form 1 application to make an M16.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____4/17/2024_____

Signature of Plaintiff _____

Printed Name of Plaintiff ___JAKE S. DEWILDE___

DATED this 17th day of April, 2024.        Respectfully Submitted,

Jake S. DeWilde

PO Box 267

Wapiti, WY 82450

jake.dewilde@gmail.com

(307) 587-4524