ERIC HEIMANN
Acting United States Attorney
JEREMY A. GROSS (WY Bar #7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY  82003-0668
Telephone: 307-772-2124
jeremy.gross@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

JEREMY S.B. NEWMAN (*PRO HAC VICE*)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Phone: (202) 532-3114
jeremy.s.newman@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Jake Stanley De Wilde, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-00084-SWS |
| | ) | |
| Attorney General of the United States; | ) | |
| Director of the Bureau of Alcohol, | ) | |
| Tobacco, Firearms, and Explosives, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants hereby submit this response to Plaintiff's Notice of Supplemental Authority, ECF No. 16, which addressed *United States v. Morgan*, No. 6:23-cr-10047-JWB (D. Kan. Aug. 26, 2024). To Defendants' knowledge, *Morgan* is the first decision holding 18 U.S.C. § 922(o) unconstitutional under the Second Amendment. *Morgan* is a non-binding outlier that conflicts with the overwhelming weight of authority established by dozens of federal appellate and district court decisions upholding § 922(o), as cited in Defendants' Motion to Dismiss Memorandum, ECF No. 11, at 13-16 & n.4. Defendants respectfully submit that these cases are more persuasive than *Morgan*. In particular, this Court cogently explained why § 922(o) is constitutional in its decision rejecting Plaintiff's prior lawsuit on the merits. *See DeWilde v. United States*, No. 1:23-CV-00003-SWS, 2023 WL 4884582, at *5-8 (D. Wyo. July 17, 2023), *aff'd on other grounds sub nom. DeWilde v. Attorney General*, No. 23-8054, 2024 WL 1550708 (10th Cir. Apr. 10, 2024).

*Morgan* made several errors that conflict with binding Supreme Court and Tenth Circuit precedent. *Morgan* gave short shrift to the Supreme Court's discussion of machineguns in *District of Columbia v. Heller*, 554 U.S. 570 (2008), because such discussion was purportedly "dicta." ECF No. 16-1, at 5. But in a Second Amendment case in which the Tenth Circuit followed dicta from *Heller*, the Tenth Circuit explained that "we are bound by Supreme Court dicta almost as firmly as by the Courts' outright holdings, particularly when the dicta is recent and not enfeebled by later statements." *Bonidy v. U.S. Postal Serv.*, 790 F.3d 1121, 1125 (10th Cir. 2015) (citation and quotation omitted). In *Heller*, the Supreme Court deemed "startling" the notion that restrictions on machineguns would be unconstitutional, and explained the relevance of the Second Amendment's prefatory clause with a discussion based on the premise that "M-16 rifles and the like . . . may be banned." *Heller*, 554 U.S. at 624, 627-28. That discussion is directly on point and binding, regardless of whether this Court deems it dicta or part of the Supreme Court's holding.

*Morgan* also concluded that historical laws prohibiting going armed with dangerous and unusual weapons to terrorize the people were not sufficiently analogous to § 922(o) because the historical laws purportedly only addressed a manner of carrying weapons, while § 922(o) bans possession of machineguns.  ECF No. 16-1, at 7-9.  But in *Heller*, the Supreme Court concluded that these same laws showed the existence of a "historical tradition" that "fairly supported" a "limitation" that "the Second Amendment right . . . extends only to certain types of weapons," those "in common use at the time."  554 U.S. at 623, 627.  District courts are not free to conclude otherwise.  Moreover, the Supreme Court recently reaffirmed that those same "going armed" laws also supported the constitutionality of another ban on possessing firearms, 18 U.S.C. § 922(g)(8)'s prohibition applicable to those subject to domestic violence restraining orders.  *United States v. Rahimi*, 144 S. Ct. 1889, 1900-03 (2024); *see also id.* at 1901 ("Section 922(g)(8) is by no means identical to these founding era regimes, but it does not need to be.").

To the extent *Morgan* concluded that machineguns were not "dangerous and unusual weapons," ECF No. 16-1, at 9-10, the court's analysis conflicted with the unanimous and contrary conclusion of every other court to face the question, including this Court in Plaintiff's prior case.  *See DeWilde*, 2023 WL 4884582, at *6 (agreeing with appellate decisions that "have uniformly found machineguns to be dangerous and unusual and not in common use").  *Morgan*'s analysis also runs counter to *Heller*, which cited "M-16 machineguns" as the paradigmatic example of such dangerous and unusual weapons that "may be banned."  554 U.S. at 627.

For the reasons stated here and in Defendants' briefs, ECF Nos. 11, 13, the Court should grant Defendants' Motion to Dismiss and dismiss the Complaint.

Dated this 12th day of September, 2024

                    Respectfully Submitted,

                    ERIC HEIMANN
                    Acting United States Attorney

By: */s/ Jeremy A. Gross*
     JEREMY A. GROSS
     Assistant United States Attorney

     BRIAN M. BOYNTON
     Principal Deputy Assistant Attorney General

     BRIGHAM J. BOWEN
     Assistant Director, Federal Programs Branch

     */s/ Jeremy S.B. Newman*
     JEREMY S.B. NEWMAN (*Pro Hac Vice*)
     Trial Attorney
     Civil Division, Federal Programs Branch
     U.S. Department of Justice
     1100 L St. NW
     Washington, DC 20005
     Phone: (202) 532-3114
     Email: jeremy.s.newman@usdoj.gov

     *Attorneys for Defendants*